(Judge Crow, of the 3rd Circuit, Sitting in Place of Judge Powell.)

FANNIE D. KUSTER v. ALBAN YEOMAN.

1. "HEIRS" REGARDED AS CHILDREN IF TESTATOR HAS CHILDREN LIVING.
    The word "heirs," where used by a testator having living children, will be regarded as synonymous with children.
2. TENANT IN COMMON TAKING AND REMAINING IN POSSESSION DOES NOT OUST OTHER TENANT IN COMMON.
    The grantee of a one-half interest in lands does not by merely going upon the lands and remaining in possession thereof and failing to account to the owner of the other half interest for rents and profits, thereby oust the said owner of the remaining half interest from possession or set the statute of limitations against him.
3. TESTIMONY SHOWING SON'S INSOLVENCY COMPETENT TO INDICATE PURPOSE OF DEVISE TO SON'S WIFE AND CHILDREN.
    Testimony showing that the son of the testator was heavily in debt is competent for the purpose of indicating that testator, in making no provision for said son and giving his entire estate to his son's wife and their children, thereby protected the estate against the creditors of the said son.

[Syllabus by the court.]

ERROR to common pleas court.

Kuster v. Yeoman.

**VOORHEES, J.**

This action in the court below was a proceeding in eject-ment brought by the plaintiff in error against the defendant in error, for the possession of the real estate described in the first cause of action set forth in the plaintiff's petition.

In a second cause of action, the plaintiff says that the defendant ever since June 20, 1908, excluded the plaintiff from the rents, issues and profits of said premises and refused to account to the plaintiff therefor, or pay to her any part of the value thereof. The value of the rents, issues and profits from said date and the damage for withholding the said premises from plaintiff amount to the sum of $240.

Wherefore, plaintiff asks judgment for the delivery of said real property and for the said sum of $240, and for all other, further and different relief to which she is entitled.

The action was commenced June 18, 1910.

The defendant by answer, and in his first defense, denies each and every allegation in the petition contained, and in a second defense pleads the statute of limitations; first, that the plaintiff's first cause of action did not accrue to her within twenty-one years next preceding the commencement of the action, nor within ten years after plaintiff arrived at the age of majority, and that by reason thereof her causes of action are barred by the statute of limitations.

The plaintiff by reply denies each and every allegation of defendant's second defense.

The cause was tried to the court without a jury, upon an agreed statement of facts, and certain evidence introduced at the trial.

From the agreed statement of facts it appears that one, Lewis Barge, was the common source of title to the premises involved in this action; that said Lewis Barge died testate June 20, 1884; that his will and a codicil thereto were admitted to probate and record August 1, 1884, in the probate court of Morrow county, Ohio; that he was the owner in fee of the premises described in the petition. That Robert T. Barge was a son of said Lewis Barge and he died July 18, 1904. Louisa Jane Barge was the wife of said Robert T. Barge. She died June 20, 1908.

Morrow County.

The said plaintiff, Fannie D. Kuster, was the only child and heir of said Robert T. Barge, deceased, and said Louisa Jane Barge. Said Fannie arrived at the age of majority in the year 1895.

On March 24, 1885, said Louisa Jane Barge and her husband, Robert T. Barge, for the consideration of $2500, expressed in the deed, quitclaimed all their right, title and interest in said premises to one, Daniel Benson, which deed recited: "Being the title and interest in the real estate of Lewis Barge, deceased, devised to grantors, or either of them, by the last will and testament of said Lewis Barge, deceased, being all their interest in the lands owned by said Lewis Barge at the time of his death."

It is further stipulated that "should said will be broken and set aside by the court, it is then intended by said grantors that said Daniel Benson, his heirs and assigns, shall by this conveyance have all our right, title and interest in all of said estate of said Lewis Barge, deceased."

That on March 25, 1885, the said Daniel Benson and wife quitclaimed said real estate to Hattie Smalley, with the same description and recitation in said deed. Hattie Smalley and husband on May 27, 1886, quitclaimed all their interest in said premises to John H. Rhodes, excepting therefrom two and one-half acres, deeded to Huldah Yeoman, who was the wife of said defendant, Alban Yeoman.

That John H. Rhodes and wife on July, 1887, quitclaimed all their right, title and interest in said premises to A. Yeoman, the defendant herein, who has been in possession of said premises from said date to present time.

That the said defendant, Alban Yeoman, was a brother in law of said Louisa Jane Barge and Robert T. Barge, and was familiar with the will of said Lewis Barge, deceased, and all the deeds above set forth at the time he purchased said premises from John H. Rhodes.

Huldah Yeoman by her last will and testament "bequeathed," devised, to the defendant, Alban Yeoman, all the right, title and interest she had in the two and one-half acres

Kuster v. Yeoman.

purchased of Hattie Smalley, and being part of the premises described in said plaintiff's petition.

The testimony outside of the agreed statement of facts does not materially affect the legal status of the case, so the principal and controlling element in the case is the will of Lewis Barge. What estate, if any, did the will of Lewis Barge, deceased, give to the plaintiff, Fannie D. Kuster, in the premises described in her petition? And what estate did the will of Lewis Barge, deceased, give to Louisa Jane Barge, wife of Robert T. Barge?

To determine these questions, resort must be had to the will of said Lewis Barge. The will was made February 19, 1880. At the time of making the will, Robert T. Barge, the son, was living and had then living the plaintiff as his only child.

The first item of the will, after providing for a life estate in said premises, in favor of his wife, Sibbia Barge, who died before the testator, among other things provides that, ''At the death of my said wife, the real estate aforesaid I give and devise to Louisa Jane Barge, wife of my son; Robert T. Barge, and to his lawful heirs.''

It will be observed that the will gives Robert T. Barge nothing. His name is used to designate more clearly those who were intended to receive his estate or who were to be the objects of his bounty, namely, Louisa Jane Barge, wife of his son, Robert T. Barge, and to his lawful heirs. Robert survived his father, and the plaintiff, Robert's only child, was living at the date of the will.

Technically, persons in life can have no heirs, and therefore when property is given to the heirs of one living, the heirs means the child or children of such person. From the fact that the estates of deceased persons usually descend to their children, the term heirs is frequently regarded as synonymous with children.

The words heir or heirs in a will, if such was the clear intention of the testator, may be construed child or children, and they will take as purchasers. *King* v. *Beck,* 15 Ohio 559; *Parrish* v. *Ferris,* 6 Ohio St. 563; *Niles* v. *Gray,* 12 Ohio St. 320; *Taylor* v. *Foster,* 17 Ohio St. 166; *Taylor* v. *Foster,* 22

Morrow County.

Ohio St. 255; *Durfee* v. *MacNeil*, 58 Ohio St. 238 [50 N. E. Rep. 721].

The wife of Robert T. Barge is given a fee in the premises described in the first item of the will of Lewis Barge, and jointly with her is given to the heirs or children of Robert T. Barge a fee in said premises, making the only child of Robert T. Barge and his wife joint tenants in the premises described in said item one of said will, and being the same premises described in the petition.

Therefore, Louisa Jane Barge and the plaintiff were tenants in common in the ownership of said premises, and the quit-claim deed of Louisa Jane Barge and Robert T. Barge of March 25, 1885, only conveyed to Daniel Benson an undivided half of said premises, and the plaintiff, Fannie D. Kuster, is the owner of the other undivided half, unless the defendant's defense of the statute of limitations bars her right to recover in this action.

It is contended by the defendant that he has been in possession of said premises for twenty-one years, and for ten years since the plaintiff has arrived of age.

The deed from Robert T. Barge and Louisa Barge did not undertake or assume to convey only the interest of said Louisa Barge and Robert T. Barge, to said Daniel Benson; hence, he and his grantee became tenants in common with said plaintiff in the occupancy of said premises.

There is nothing in the agreed statement of facts or the testimony that tends even to show that defendant had taken such possession or control of said premises as to oust the plaintiff of possession or set the statute of limitations to running against her.

Therefore, we hold that the defendant's plea of the statute of limitations is not good and is not established by any evidence. *Youngs* v. *Heffner*, 36 Ohio St. 232; *Gill* v. *Fletcher*, 74 Ohio St. 295 [78 N. E. Rep. 433; 113 Am. St. Rep. 962]; *Hogg* v. *Beerman*, 41 Ohio St. 81 [52 Am. Rep. 71].

We think the court erred in ruling out the testimony of the plaintiff to show the indebtedness of the son, Robert T. Barge, as tending to show the intention of the testator not

Kuster **v.** Yeoman.

to give Robert any of his bounty, but to give it to his child, as he was not willing to pay the debts of his son out of his estate. This he had a right to do, and it furnishes a reason for the construction of item one of his will, as we find his intention was to give to Robert's wife and their child, rather than to Robert, who was largely in debt. We think this evidence was competent, and the court erred in excluding it.

Therefore, the judgment and finding of the court below is reversed with costs. And coming now to render the judgment the court should have rendered, we hold that plaintiff is entitled to hold and be possessed as tenant in common with defendant and to have an accounting upon her second cause of action for rents and profits according to law. Exceptions. Cause remanded to the court of common pleas for further proceedings according to law.

**Shields** and **Crow, JJ.,** concur.